Filed 10/1/14  P. v. Esteva CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>STEVEN ESTEVA,<br><br>    Defendant and Appellant. | B254238<br><br>(Los Angeles County<br>Super. Ct. Nos. MA058998 &<br>MA059574) |

THE COURT:[*]

Defendant and appellant Steven Esteva (defendant) appeals from the judgment entered following revocation of his probation.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On June 3, 2014, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

In April 2013, defendant was charged in superior court case No. MA058998 with one count of possession of a firearm by a narcotic addict, in violation of Penal Code

---

[*]    ASHMANN-GERST, Acting P. J., CHAVEZ, J., FERNS, J.†

†    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

section 29800, subdivision (a)(1), a felony. In June 2013, while that matter was pending defendant was charged in case No. MA059574 with possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a), also a felony (count 1), and with driving with a suspended or revoked license, in violation of Vehicle Code section 14601.1, subdivision (a), a misdemeanor (count 2). The information also alleged that defendant was out of custody on bail in case No. MA058998 when the offense alleged in count 1 was committed, within the meaning of Penal Code section 12022.1. The two cases were later consolidated, and the firearm possession charge was renumbered count 3.

During the next few months, the trial court granted a *Pitchess*[1] motion and ordered discovery, defendant waived his right to counsel and was permitted to proceed in pro. per. By October 28, 2013, defendant had been charged with another misdemeanor and asked that it be consolidated with the pending charges. At that time, defendant also asked the trial court to revoke defendant's pro. per. status and to appoint counsel. After counsel was reappointed, defendant entered a plea agreement where he pled no contest to the two felonies in exchange for the dismissal of the two misdemeanors and a grant of formal felony probation for three years. Defendant agreed to the conditions of probation, including the requirement that he enroll in a six-month residential drug treatment program and provide proof of enrollment by December 5, 2013. The court imposed mandatory fines and fees, and calculated custody credit in case No. MA059574 as 48 days, comprised of 24 actual days and 24 days of conduct credit; and 33 days in case No. MA058998, comprised of 17 actual days plus 16 days of conduct credit.

Though defendant failed to provide proof of enrollment in a residential program by December 5, 2013, the trial court agreed to modify probation and give defendant until January 17, 2014, to provide the required proof. On that date, defendant still had not enrolled in a program and the trial court scheduled a probation violation hearing for the

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

following month. In the meantime, defendant filed a motion in pro. per. to withdraw his plea and dismiss the case against him.

On February 5, 2014, the trial court again relieved counsel and permitted defendant to represent himself. Defendant then argued his motion to withdraw his plea. Defendant explained that he was innocent of one of the offenses, but agreed to the plea bargain only because his counsel told him he would otherwise go to jail, and he felt pressured, intimidated, and scared. The trial court reviewed the plea transcript with defendant, denied the motion, and proceeded to the probation violation hearing. The prosecutor submitted the issue on the probation report, which noted defendant had an unexcused failure to keep his January 6, 2014 appointment with the probation officer. Defendant admitted his failure to report on that date, explaining that he did not get the letter regarding the appointment and that he negligently failed to keep in touch with his probation officer. Defendant also explained that he was unable to enroll in the drug program he preferred because it was full.

The trial court found that defendant had violated probation by failing to report as required. The court sentenced defendant to the low term of 16 months in prison, reimposed the same fines and fees, ordered defendant to submit print impressions and a DNA sample, and awarded an additional 40 days of custody and conduct credits. Defendant filed a timely notice of appeal.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

3